IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LINDEL MURI, | ) | |
| Plaintiff, | ) | 2:05-cv-01555-GEB-CMK |
| | ) | |
| v. | ) | STATUS (PRETRIAL |
| | ) | SCHEDULING) ORDER |
| RALEY'S INC.; RALEY'S EMPLOYEE | ) | |
| WELFARE PLAN; METROPOLITAN LIFE | ) | |
| INSURANCE COMPANY,[1] | ) | |
| | ) | |
| Defendants. | ) | |

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

The status (pretrial scheduling) conference scheduled in this case for November 14, 2005, is vacated since the joint status report submitted by the parties obviates the need for the conference.

---

[1]    The caption has been amended according to the Dismissal of Doe Defendants portion of this Order.

1

The following Order issues based on the parties' joint status report ("JSR") and available dates.

### DISMISSAL OF DOE DEFENDANTS

Since Plaintiff has not justified Doe defendants remaining in this action, Does 1 through 10 are dismissed.  See Order Setting Status (Pretrial Scheduling) Conference filed August 4, 2005, at 2 n.2 (indicating that if Plaintiff failed to set forth in the Joint Status Report a date by when the identities of any "Doe" defendants are expected to be discovered, the claims against Doe defendants would be deemed abandoned and a dismissal order would follow).

### SERVICE OF PROCESS

All defendants have been served and no further service is permitted, except with leave of Court, good cause having been shown.

### JOINDER OF ADDITIONAL PARTIES/AMENDMENT

No further joinder of parties or amendments to pleadings is permitted except with leave of Court, good cause having been shown.

### DISCOVERY

In the JSR the parties concede this is an ERISA action but Plaintiff "contends she may require routine discovery. . . ." Defendants' initial disclosure, which the parties agree in their JSR to make on November 28, 2005, shall include "the plan documents and the administrative record." (JSR at 2.)  If, after reviewing the plan documents and the Administrative Record, Plaintiff opines that circumstances justify allowing discovery, Plaintiff shall file a motion for specified discovery to be heard no later than January 9, 2006, at 9:00 a.m.

MOTION HEARING SCHEDULE

The last hearing date for motions shall be December 11, 2006, at 9:00 a.m.[2]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).  Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2)  The Court committed clear error or the initial decision was manifestly unjust; or

(3)  There is an intervening change in controlling law.  A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers.  Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

---

[2]  This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1   The parties are cautioned that an untimely motion

2  characterized as a motion in limine may be summarily denied.  A motion

3  in limine addresses the admissibility of evidence.

4                    FINAL PRETRIAL CONFERENCE

5   The final pretrial conference is set for February 20, 2007,

6  at 2:30 p.m.  The parties are cautioned that the lead attorney who

7  WILL TRY THE CASE for each party shall attend the final pretrial

8  conference.  In addition, all persons representing themselves and

9  appearing in propria persona must attend the pretrial conference.

10   The parties are warned that non-trialworthy issues could be

11  eliminated sua sponte "[i]f the pretrial conference discloses that no

12  material facts are in dispute and that the undisputed facts entitle

13  one of the parties to judgment as a matter of law."  Portsmouth Square

14  v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

15   The parties shall file a JOINT pretrial statement with the

16  Court not later than seven (7) days prior to the final pretrial

17  conference.[3]  The joint pretrial statement shall specify the issues

18  for trial.  The Court uses the parties' joint pretrial statement to

19  prepare its final pretrial order and could issue the final pretrial

20  order without holding the scheduled final pretrial conference.  See

21  Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no

22  requirement that the court hold a pretrial conference.").  The final

23  pretrial order supersedes the pleadings and controls the facts and

24

25   [3]   The failure of one or more of the parties to participate in
26  the preparation of any joint document required to be filed in this case
    does not excuse the other parties from their obligation to timely file
27  the document in accordance with this Order.  In the event a party fails
    to participate as ordered, the party or parties timely submitting the
28  document shall include a declaration explaining why they were unable to
    obtain the cooperation of the other party.

                                    4

issues which may be presented at trial.  Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action."); <u>Valley Ranch Dev. Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted from the pretrial order is waived, even if it appeared in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order to allow assertion of a previously-pled statute of limitations defense); <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.</u>

SETTLEMENT CONFERENCE

No settlement conference is currently scheduled.  The parties shall address in their joint pretrial statement whether they wish to have a judge-assisted settlement conference.  If counsel wish the Magistrate Judge to act as settlement judge, written stipulations to this effect which waive the judge's disqualification from later acting as the discovery judge must be filed prior to the scheduling of the settlement conference.  <u>See</u> L. R. 16-270(b).  If the parties wish

to participate in Court-assisted settlement prior to the final
pretrial conference, they should contact the Deputy Clerk.

TRIAL SETTING

Trial is set for May 1, 2007, commencing at 9:00 a.m.

MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of
Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall
not be modified except by leave of Court upon a showing of good cause.
Counsel are cautioned that a mere stipulation by itself to change
dates does not constitute good cause.**

IT IS SO ORDERED.

DATED:  November 7, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge